IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TAMEIKA S. MAXWELL                                                    PLAINTIFF

v.                              Case No. 1:26-cv-1004

WEYERHAEUSER CO.                                                      DEFENDANT

**ORDER**

Before the Court is Defendant Weyerhaeuser Co.'s Motion to Substitute Party.  ECF No. 15.  Pursuant to Federal Rule of Civil Procedure 21, Defendant seeks to substitute "Weyerhaeuser NR Company" as the proper defendant in this action because that entity is the one which employed Plaintiff at the relevant time and is the correct target for her employment related claims.  Defendant states that its counsel has conferred with counsel for Plaintiff and that Plaintiff does not oppose the requested substitution.

Upon review, the Court finds that Defendant has shown good cause for the instant motion. "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Defendant has adequately explained why the party proposed to be substituted is the proper entity for Plaintiff's claims.  Accordingly, Defendant's Motion to Substitute Party (ECF No. 15) is **GRANTED**.  Weyerhaeuser NR Company is hereby **substituted** as the Defendant in this action.

However, the Court finds that Defendant must address any impact this substitution may have on the Court's subject matter jurisdiction over this action.  Plaintiff initially brought this action in the Columbia County, Arkansas Circuit Court, asserting claims pursuant to Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act.  ECF No. 3.  Defendant then removed this action to this Court pursuant to 28 U.S.C. § 1441.  ECF No. 2.  Defendant's Notice

of Removal states that this Court has subject matter jurisdiction over this action pursuant to either 28 U.S.C. § 1331 or § 1332.  The Court subsequently dismissed Plaintiff's federal law claims. ECF No. 14.  Subject matter jurisdiction over Plaintiff's state law claims is now contingent on satisfying the requirements of § 1332.  Therefore, Defendant is **directed** to submit an amended Notice of Removal within fourteen (14) days of this Order which adequately alleges the citizenship of Weyerhaeuser NR Company and this Court's jurisdiction over the remaining claims pursuant to § 1332.

   **IT IS SO ORDERED**, this 12th day of May, 2026.

            /s/ Susan O. Hickey

            Susan O. Hickey
            United States District Judge

2